DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DENISE M. OKI (CABN 311212)
Special Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-7196
    Facsimile: (415) 436-7234
    Email: Denise.Oki@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHAKISHA HASKINS,<br><br>    Defendant. | No. 20-CR-284 JD<br><br>**STIPULATION AND ORDER** |

    The above titled matter is currently scheduled for a first appearance in district court and a change of plea hearing July 29, 2020 at 10:30 am before this Court. On July 16, 2020, the parties were notified that this Court is unavailable on July 29, 2020. Accordingly, the parties stipulate to continue the matter to August 26, 2020, at 10:30 a.m. The parties further stipulate, with Ms. Haskins' consent, to proceed with the change of plea hearing via videoconference.

    On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 states that initial appearances and other proceedings before magistrate judges will continue, but that "case-by-case exceptions" to that procedure may be ordered for non-jury matters at the discretion of the

1  Court after consultation with counsel.  On April 30, 2020, General Order No. 72 was extended until June
2  1, 2020.  On May 21, 2020, General Order No. 72-3 was signed.

3        The parties together further request that the time between July 29, 2020, and the change of plea
4  hearing, August 26, 2020, be excluded from any time limits applicable under the Speedy Trial Act, 18
5  U.S.C. § 3161, including but not limited to 18 U.S.C. 3161(b).  An exclusion of time is appropriate on
6  ends-of-justice grounds.  The country's public health interest in stemming the spread of COVID-19
7  outweighs the interest of the "public and the defendant in a speedy trial."  § 31671(h)(7)(A); *see also*
8  *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the
9  district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

10        A failure to grant the requested exclusion of time and continuance would also unreasonably deny
11  defense counsel the reasonable time necessary for effective preparation, taking into account the exercise
12  of due diligence because his ability to meet with the client and review discovery is constrained by the
13  shelter-in-place order and the defendant's particular interest in self-isolation during this time.
14  § 3161(h)(7)(B)(iv).  An exclusion to maintain continuity of counsel is appropriate for the same reasons.
15  *Id*.

16  DATED:  July 22, 2020        Respectfully submitted,

17
      DAVID L. ANDERSON
18        United States Attorney

19        _____/s_____
      DENISE M. OKI
20        Special Assistant United States Attorney

21  DATED:  July 22, 2020        STEVEN G. KALAR
22        Federal Public Defender

23        _____/s_____
      VARELL L. FULLER
24        Assistant Federal Public Defender

25

26

27

28

**ORDER**

For the reasons stated above, the Court finds that the change of plea hearing be continued to August 26, 2020 at 10:30 a.m.

The Court further finds that exclusion from the time limits applicable under 18 U.S.C. § 3161 for the period from July 29, 2020 through August 26, 2020, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A failure to grant the requested exclusion and continuance would also unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because her ability to meet with the defendant and review discovery is constrained by shelter-in-place and the defendant's need to self-isolate during this time. § 3161(h)(7)(B)(iv). The Court excludes time for continuity of counsel for the same reasons. *Id.*

IT IS SO ORDERED.

DATED: July 24, 2020

_____
HONORABLE JAMES DONATO
United States District Judge

STIPULATION AND ORDER
20-CR-284 JD

3